The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Peter C. Kavanaugh presiding. We'll call the first case. 4-21-0339. People of the State of Illinois v. Jeffrey Haynes. Counsel for the appellant, please state your name for the record. Good morning. Gilbert Lenz from the Office of the State Appellate Defender for Jeffrey Haynes. Thank you. Counsel for the appellee. James Ryan Williams for the appellate prosecutors. Very good. Counsel, you may proceed. Thank you, Your Honor. Good morning, Your Honors and Counsel. Again, Gilbert Lenz from the Office of the State Appellate Defender on behalf of Jeffrey Haynes. Your Honors, this court should remand for second stage proceedings, including the appointment of counsel on Jeffrey Haynes' successive post-conviction petition, because he has made a prima facie showing of both cause and prejudice, such that he should be allowed to file his petition. This is true first because Haynes' pro se pleadings, read in light of the record, make a prima facie showing of prejudice. In this particular case, what that means is that his pleadings in the record make a prima facie showing of ineffective assistance of guilty plea counsel under the Strickland test. As to the first prong of that test, it's undisputed, and the record clearly demonstrates, that guilty plea counsel was objectively unreasonable in both allowing the court and the state to misinform Haynes that his mandatory minimum sentence was 15 years, and it is also undisputed that counsel himself misinformed Haynes off the record as to the mandatory minimum, and that pleading must be taken as true at this point. So for all those reasons, it can't be reasonably disputed that the first prong of Strickland has been satisfied. As to Strickland prejudice, the question is whether there's a prima facie showing of a reasonable probability of a different outcome in this case, had Haynes not entered the negotiated plea he entered, and he has certainly made that showing in this case, because several different outcomes were reasonably probable in this case. This case is a little bit unique and unusual in that the prosecutor himself was unaware that the sentencing range was 6 to 30 instead of 15 to 30, so when the prosecutor made the offer, he believed he was offering the minimum of 15 years, so it's already reasonably probable that had the prosecutor been aware of the correct sentencing range, he may have offered something lower than 15 years. But even if the prosecutor's first offer would have been 15 years, it's also reasonably probable that Haynes, under a proper understanding of the sentencing range, could have and would have negotiated a lesser sentence with the state, given that the minimum was nine years less than what the state offered. There are also two other, at least two other, reasonably probable different outcomes in this case. Had the state not come down from 15 and had Haynes insisted on going to trial, there's a prima facie showing of a reasonable probability that he would have been found not guilty at a trial because the state's evidence was not overwhelming. And likewise... Counsel, how do we know that? Well, based on what we know from... Admittedly, all we have is a factual basis for the guilty plea, but what we do know from the record is that while Haynes gave a statement saying he sold heroin to King, Haynes was not present when King took the drugs, and so Haynes was not a witness to the fact of whether the heroin that King took, in addition to the other drugs he took, was the heroin that Haynes sold him. Similarly, the state's key witness, Whitehurst, was not present for the transaction, so she had no firsthand knowledge of whether the heroin that King took was the same heroin that Haynes allegedly sold him, which is a key element of the drug-induced homicide charge. Well, in this case, typically in determining the strength of the state's case in the context of a defendant who's pleaded guilty, we essentially know just the remarks of the prosecutor setting forth a factual basis. That's true, and... And the reason I want to emphasize, back when I still had honest work as a trial judge, before getting on this wonderful court, I would tell the prosecutors routinely that if their factual basis has exceeded 12 seconds, they're telling me more than I want or need to know. Now, if this were a prosecutor who followed that stratagem, there might be all kinds of things in this record that would support the state's case if it went to trial that we don't know about and shouldn't know about. Isn't that right? There's certainly things we don't know about this case, both at a trial and a sentencing hearing, but the question for this court is whether the record as it stands now makes a prima facie showing of a reasonable probability of a different outcome. And there are three, at least three, reasonably probable different outcomes in this particular case, this unusual case. As I said, the possibility of negotiating a lesser sentence, the possibility of being found not guilty at trial. And the third one, Your Honor, is that even if Haynes had gone to a trial and been found guilty, there's also a reasonable probability that he would have gotten something less than 15 years at a full sentencing hearing because he cooperated with the police investigation by their own terms. He only had one prior conviction, which was apparently a drug offense for which he got first offender probation. And it's just based on this, again, admittedly, a full sentencing hearing, we would know much more. But the question here is whether there's a prima facie showing based on the pleadings and the record as it stands now. And I think it certainly makes such a showing that it's at least reasonably probable that one of those three different outcomes might have occurred had Haynes not entered this particular guilty plea. Counsel, I have a question. Since the state agrees that the defendant was improperly admonished, at least as to the proper range of penalties, the 15 years as opposed to six years. And this wasn't a mistake of the defendants. In fact, as you I think alluded to, the prosecution had it wrong in the charging instrument. The court had it wrong. The defense attorney said nothing when the admonishment was made. Why would the defendant need to make a prima facie showing of cause and prejudice to file a successive post conviction petition here? And why would we need to consider cause and prejudice versus the trial court's ruling? Wouldn't a trial court, if the defendant had made a motion to withdraw his guilty plea, wouldn't have been an abuse of discretion for the trial court not to have granted it? So why do we have to go through this analysis? Well, I think, I think, essentially, because the procedural posture of this case is that we are at the leave to file stage for a successive post conviction petition. And the Supreme Court recently clarified that the pleading standard at this particular stage is prima facie showing of cause and prejudice. If you're raising a claim of ineffective assistance and not actual innocence. So that's that's that's the pleading standard at this stage. I certainly would agree with your honor that a motion to withdraw a guilty plea would have been granted in this case had it been brought to the court's attention. Had this ever been brought to the court's attention at that time. The key here is that Mr. Haynes himself, because he was misinformed by every single attorney involved in the case, had no basis for believing that such a motion could have been filed or should have been filed and that's why there was no post plea motion, no direct appeal. And that's why the claim was not raised in his first post conviction petition. He was, he was allowed to rely on counsel in the court to on their interpretation of the statute. And that's why there's also cause a prima facie showing of cause for him not raising this claim in his first petition so I certainly agree with your honor about justice enough about everything you said, but for present purposes that's the pleading standard that Mr. Haynes has to meet. Thank you. And just to just to finish up on the cause prong. As I said, it's undisputed he was he was misinformed in the trial court that's why there was no post the motion of direct appeal. He was entitled to rely on that misinformation, which explains why he didn't raise it in his first petition. This is not a case where the defendant was merely ignorant of the law, this is a case where he was affirmatively misinformed by all the legal professionals involved in this case. And it's similar to Risley in that regard where the defendants late filing of an initial post conviction petition was excused because he was affirmatively misinformed by his own lawyer about the filing deadline. I would note, finally, that the filing deadline statute and Risley was just as available to that defendant as the drug and do homicide statute was to Mr Haynes but the Illinois Supreme Court said did not hold the defendant to a burden to double check his own lawyers interpretation of a statute, and no court has ever placed that burden on a defendant. So for all those reasons, your honors. This court should remain for second stage proceedings because Mr Haynes has made a prima facie showing of causing prejudice, and he should be allowed to file this petition. Thank you. May it please the court. My name is James Ryan Williams, and it's my privilege to represent the state before this honorable court. First of all, I'll know I'm not sure if it's showing up on your end but on my end I'm having a lot of glitches in the background and my, I appear to be very red. We, we, we before we came online. Myself I was having trouble, and I can be heard and seen and you can be heard and seen so I think we're doing okay. All right, just making sure I just wanted to apologize. Anyhow, so this case comes before this court. Following the dismissal defendant successive PC. So that of course requires him to satisfy the cause and prejudice standard. And here to establish cause for not filing this are not raising this issue in a prior proceeding, he has to show that the factual or legal basis for the claim was not readily available. Now admittedly, as the defendant argues his attorney erroneously advise them as to the minimum sentencing range as in the state and the charging instrument and the coordinates and management. While the state is sympathetic to the position that's what's defended and it remains the case that this wasn't that this issue remained readily available. Of course, if he would have looked up the sentencing statute, or really if he would have filed a direct appeal Oh sad almost assuredly would have spotted and raise this issue. Yes, pose a question here because you like there you've gotten to the, to the rub of it, and that is, you heard counsel advise us that no court has, you know, decided, or we have no opinion stating that a defendant must double check councils admonishment recommendation. You know, as to what the potential penalties are. How would, how do we do so here. What's your best argument. On this point, all I can say Your Honor, is that, basically, this issue has been rental. This issue has been readily discoverable basically since the filing of the initial charging instrument, I understand that every attorney involved here, overlook the issue. But just, I mean just working with the applicable standard of whether or not the issue was readily available. That's, I'm sorry. I guess it's going to be my question to Mr. Williams and this is one of those moments where you have our sympathy, you were not the trial fellow here and I have no doubt that you would have picked up on this but the prosecutor did it. But the point I wanted to get to about, well gee the defendant could have checked for himself and check the statute which makes this case, different and frankly exacerbates it is it's not just the lawyers, but it's the judge who repeatedly misinformed this defendant. Here's the person who's supposed to be a student of the law expert on a person who's handling this case and tells the defendant, oh yeah, here's the sentencing range 15 year minimum. So, it seems to me under those circumstances, that any suggestion that the defendant had an obligation to somehow double check. Not only with the lawyers but with the judge was talking about the sentencing range doesn't have much merit. Can you explain why we should do that argument differently. As a matter of respect for the adversarial process. I'm sorry, I felt like I had to at least make the argument that this was readily discoverable, but I mean I understand the position that I mean it's an uncomfortable position to be in for the state and I'm But again, as a matter of respect to the adversarial process I felt like I had to take the position that the issue was at least, I mean it, it got past all three attorneys involved in this case, and frankly I don't really know how the fact that he didn't file a direct appeal. So I mean the problem that just I have from the state's perspective in this matter is just that for seven years this issue has been sitting out there. And in that way it really was readily discoverable so again just working with this standard that's the argument that I have to make on behalf of the state and respecting the adversarial process but I certainly appreciate the position that everyone's in in this matter. How do you respond to opposing count arguments with regard to prejudice. Oh yeah so moving on to prejudice and I said he made the three points. Right. Yeah. So, um, I guess here I have to admit, I mean, my understanding of the applicable prejudice standard here would require showing that the prima facie showing granted at this stage but a showing that the defendant in this matter would have insisted on rejecting the plea offer and proceeding to trial, and that he would have to show that it's would have been rational to do so. And in this matter. First of all, Mr Williams, and it's, you're exactly right. I want to give you an opportunity to respond further to just as he knows question but pausing right there. We're at the pleading stage. So the question is, should he be given an opportunity to file the success of post conviction petition and go to the second stage in which he can set forth material or information with counsel in support of this because you're right. I guess the question of GI would not have taken this plea if I know what the real basis was, that's an evidentiary matter might ultimately have to go to the third stage but we can only speculate about what the evidence would be. So just as it is question is, at the first stage, which is where we are now. Should we have the opportunity to proceed further. The state's response on that matter would simply be, I mean, first of all, at least based on the evidence that came out which admittedly was quite limited. It's the state's position that the evidence is rather overwhelming here I mean the defendant admitted selling the heroin. The real question is whether it was the same heroin which respectfully doesn't seem like a particularly meritorious defense couple that with the fact that he got a low to middle range sentence 15 years under the max only nine years over the minimum. And those instances. In those circumstances, the state's position would be that it would not, you know, he's not even made a prima facie showing that it would have been rational to reject such a plea offer and risk 30 years in prison. And moreover, it appears to me that the defendants position in this matter is less about insistence on the opportunity to take this matter to trial, and more focused on that he's been prejudiced by the loss of the merely the opportunity to attempt to negotiate for a lower sentence, and I don't recall seeing any case that has found that that is sufficient. You know the mere lost opportunity to attempt to negotiate a lower sentence that that's sufficient to satisfy the prejudice standard of this context. Well how and I mean, logically, how would it not be rational to assume that I mean if the state starting with the idea that the minimum is 15 and makes an offer based on that as opposed to six. I mean, how can we say that's not rational for him to reject that offer. 15 if it was six. Right. I mean, exactly. State, state shows the minimum, but under the misapprehension that 15 was the minimum. So I can't disagree with you, Your Honor. Okay. Okay, so here's another interesting question. It's not just the focus on the defendant under these very peculiar circumstances. But following up on just the Zeno's question also on the prosecutor because, you know, we've been around the criminal justice system almost for a long time and one of those aspects that serves to inform prosecutors and plea bargaining processes. Who is this guy. Was he cooperative. Was he someone who was fighting this system, because it all, you know, the extent he was cooperative with the police. He speaks better of perhaps as we have built a potential and he doesn't leave as long as he might otherwise. But as Justice Zeno pointed out, it's not just the defendant might have negotiated differently, the prosecutor might very well if he thought this was a six year minimum sentence. We saw speculation but he said what we know it's entirely possible he might have offered a guilty plea closer to what was in fact the middle, isn't it. Again, I can't disagree with your honor. Honestly, this is one of those cases where again as a matter of respect to the adversarial process I felt like I had to take the positions that I did because there wasn't clear precedent on this point, but I will just conclude by saying that a lot of very good points have been made. Thank you, Mr Williams. Thank you for your time, your honors. On behalf of the elite. Yes, I'm sorry, I'm mute. Just very quickly on the on the point of whether there's a prima facie showing a prejudice here and just to just emphasize a point I made in the briefs and earlier. The question here is not whether Haynes would have insisted on going to trial the question whether there's a reasonable probability of some different outcome, essentially more favorable to him going to trial, and either being acquitted or getting a lesser sentence at a full sentencing are two of the possible outcomes, but another reasonably probable outcome here is that he would have been able to negotiate a lesser sentence had everyone realized the minimum was six, and we have four cases, Williams Davis Padilla and Boyd, all saying that the last opportunity to negotiate a lesser sentence is, is one possible different outcome that can make a prima facie showing a prejudice. So for all those reasons, your honors, Mr Haynes asked that you remand this petition for second stage proceedings. Very good. Thank you, counsel. Thank you both. The court will take this matter under advisement and now stands in recess.